IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: GALECTIN THERAPEUTICS, INC. SECURITIES LITIGATION | CIVIL ACTION NO. 1:15-CV-00029-SCJ |

ORDER

This matter appears before the Court on Plaintiff Michael Canton's Motion for Appointment of Counsel (Doc. No. [25]), Plaintiff Israel Avecedo's Motion for Appointment of Counsel (Doc. No. [29]), Plaintiff Glyn Hotz's Motion for Appointment as Lead Plaintiff and Approval of Counsel (Doc. No. [30]), Plaintiffs Jesus Garcia Gombau's, Deannamarie B. Fonseca's, and Jose Garcia, Jr.'s Motion for Appointment of Counsel (Doc. No. [31]), Plaintiff Rene Castillo's Motion for Appointment of Counsel (Doc. No. [32]), Plaintiffs Leong J. Tung's and Dr. John Tung's Motion for Appointment of Counsel (Doc. No. [34]), Plaintiffs Michele Minnick's and Dale Szymanksi's Motion for Appointment of Counsel and for Appointment as Lead Plaintiff (Doc. No. [36]), Plaintiff Robert Burke's Motion for Appointment of Counsel and Lead Plaintiff (Doc. No. [38]), Plaintiff Glyn Hotz's Motion for Leave to File a Sur-Reply (Doc. No. [62]),

Plaintiff Rene Castillo's Motion for a Hearing (Doc. No. [64]), and Plaintiff Rene Castillo's Motion for Leave to File a Sur-Reply (Doc. No. [72]).

For the following reasons, Plaintiff Glyn Hotz's Motion for Appointment as Lead Plaintiff and His Selection of Counsel (Doc. No. [30]) is **GRANTED**. The motions located at Docket Numbers [25], [29], [31], [32], [34], [36], and [38] are **DENIED**. Plaintiffs Glyn Hotz's and Rene Castillo's Motions for Leave to File a Sur-Reply (Doc. Nos. [62], [72]) are **GRANTED**. Plaintiff Rene Castillo's Motion for a Hearing (Doc. No. [64]) is **DENIED**.

I.  BACKGROUND

This action was transferred from the United States District Court for the District of Nevada to the Northern District of Georgia on January 5, 2015. Doc. No. [85]. The Court adopts the relevant factual and procedural background from the transfer order. Id. Prior to the transfer, numerous Plaintiffs, or Movants, filed motions for appointment as lead plaintiff and motions to select lead counsel. See Doc. Nos. [25], [29]–[32], [34], [36], [38]. Judge Robert C. Jones of the District of Nevada declined to rule on these pending motions. This Court now must determine who should be named lead plaintiff and lead counsel and then must establish deadlines for filing a consolidated complaint and any responses to it.

## II. DISCUSSION

### A. <u>Lead Plaintiff and Lead Counsel</u>

The Private Securities Litigation Reform Act of 1995 establishes procedures governing the appointment of lead plaintiff and lead counsel "in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) (2012). First, the plaintiff who files the initial complaint must publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. § 78u-4(a)(3)(A). Within sixty days, any member of the purported class may then move the Court to be appointed lead plaintiff. Id. After considering the motions, the Court must appoint the plaintiff who is "most capable of adequately representing the interests of the class members." § 78u-4(a)(3)(B)(i).

The statute creates a presumption that the most adequate plaintiff, 1) "has either filed the complaint or made a motion in response to a notice"; 2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and 3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may be rebutted "only upon proof by a member of the purported

plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class[,]" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." § 78u-4(a)(3)(B)(iii)(II).

Case law also makes clear that "[t]he PSLRA 'sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff.'" Belmont Holdings Corp. v. Suntrust Banks, Inc., Nos. 1:09-cv-1185-WSD, 1:09-cv-1310-WSD, 1:09-cv-1459-WSD, 2009 WL 3188695, at *2 (N.D. Ga. Sept. 29, 2009) (quoting In re Cavanaugh, 306 F.3d 726, 729 n.2 (9th Cir. 2002)). Because the intent of the PSLRA is to determine the plaintiff most capable of pursuing the action and representing the class, "the court need only explore the portions of Rule 23 dealing with the qualities of the class representative, typicality and adequacy." Plymouth Cnty. Ret. Sys. v. Carter's, Inc., No. 1:08-CV-2940-JOF, 2009 WL 692141, at *2 (N.D. Ga. Mar. 13, 2009). Thus, "[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." Belmont Holdings, 2009 WL 3188695, at *2 (internal quotations omitted).

4

Glyn Hotz is the Movant who claims the largest loss in this action. He claims he suffered a loss of $189,880.00. Doc. No. [30], p. 5. The Movant who claims the second largest loss is the Castillo Group who claims they lost $159,117.28. Doc. No. [32], p. 6. The remaining Movants, some of which have withdrawn their motions for lead plaintiff or supported the motions of other Movants, all claim smaller losses than Mr. Hotz and the Castillo Group. At the outset, then, the Court denies all outstanding motions for lead plaintiff besides those made by Mr. Hotz and the Castillo Group.

Because Mr. Hotz claims the largest stake in the controversy, he is presumed to be the most adequate plaintiff under the PSLRA. The Castillo Group primarily attacks the adequacy of Hotz's representation and the typicality of his claims. "Under Rule 23, a representative may be inadequate to protect the interests of the class if the representative is incapable of 'putting up a real fight,' has unqualified, inexperienced, or incapable counsel, or has interests antagonistic to the rest of the class." Carter's, Inc., 2009 WL 692141, at *2 (citing Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 726 (11th Cir. 1987)). The adequacy of representation analysis involves two questions: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2)

whether the representatives will adequately prosecute the action." <u>Valley Drug Co. v. Geneva Pharms., Inc.</u>, 350 F.3d 1181, 1189 (11th Cir. 2001) (internal quotations omitted). "[T]he conflict must be a fundamental one going to the specific issues in controversy." <u>Id.</u> (internal quotations omitted). The Castillo Group raises numerous concerns regarding Mr. Hotz's moral, ethical, and even economic decisions. None of these concerns, however, presents a fundamental conflict of interest between Mr. Hotz, as lead plaintiff, and the non-representative members of the putative class. The Court finds Mr. Hotz capable of "putting up a real fight," he has retained qualified counsel, and his interests are not antagonistic to the other class members. He claims the same loss, albeit in a larger amount than all other Movants, from the same facts and circumstances as everyone else in the potential class. In short, the Court finds that Mr. Hotz will fairly and adequately represent the interests of the class.

"Under Rule 23, typicality is present when the lead plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of other class members." <u>Carter's, Inc.</u>, 2009 WL 692141, at *2; <u>see also</u> <u>Kornberg v. Carnival Cruise Lines, Inc.</u>, 741 F.2d 1332, 1337 (11th Cir. 1984). "Claims need not be identical to be typical." <u>Carter's, Inc.</u>, 2009 WL 692141, at *2.

"A factual variation will not render a class representative's claim atypical unless the factual position of the representative markedly differs from that of other members of the class." Kornberg, 741 F.2d at 1337. The Castillo Group argues that Mr. Hotz's claims are atypical to the claims of the remainder of the class because the last day he purchased Galectin shares is earlier than the last alleged false and misleading statement during the class period. In other words, the Castillo Group believes Mr. Hotz is subject to unique claims and defenses. It is clear, however, that Mr. Hotz's claims arise from the same series of events, or allegedly false and misleading statements, and are based on the same legal theories as every other potential class member. There is no marked difference in his claims or other members' claims other than the date for which he may have standing to pursue a cause of action against Defendants for their allegedly false and misleading statements. If that happens to be the case, the Court will not hesitate to address standing and appoint additional named class representatives as the need arises. At this time, the Court finds that Mr. Hotz's claims are typical of the class and that he is not subject to unique defenses that would disqualify him from representing the class as lead plaintiff.

7

The PSLRA permits the most adequate plaintiff to select and retain counsel to represent the class, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Hotz selected Kessler Topaz Meltzer & Check, LLP to serve as lead counsel and Brownstein Hyatt Farber Schreck, LLP to serve as liaison counsel for the class. The Court approves of both firms in the capacity for which Movant Hotz proposes to use them.

### B. Schedule for Filing Consolidated Complaint and Responses

On January 21, 2015, the Court ordered the parties to file a joint status report and proposed scheduling order. Doc. No. [91]. The parties disagreed on the schedule for filing a consolidated complaint and any responses to it. See Doc. Nos. [100], [101]. Having considered both joint status reports, the Court approves the Plaintiffs' proposal.

Mr. Glyn Hotz shall have: (i) forty-five days from entry of this Order to file and serve a consolidated complaint; (ii) Defendants shall move or otherwise respond to the consolidated complaint no later than twenty-one days thereafter; and (iii) Mr. Glyn Hotz shall file his response no later than twenty-one days after Defendants file their response.

## CONCLUSION

For the foregoing reasons, Plaintiff Glyn Hotz's Motion for Appointment as Lead Plaintiff and His Selection of Counsel (Doc. No. [30]) is **GRANTED**. The motions located at Docket Numbers [25], [29], [31], [32], [34], [36], and [38] are **DENIED**. Plaintiffs Glyn Hotz's and Rene Castillo's Motions for Leave to File a Sur-Reply (Doc. Nos. [62], [72]) are **GRANTED**. Plaintiff Rene Castillo's Motion for a Hearing (Doc. No. [64]) is **DENIED**.

The Court **ORDERS** the following schedule for filing a consolidated complaint and any responses to it. Mr. Glyn Hotz shall have: (i) forty-five days from entry of this Order to file and serve a consolidated complaint; (ii) Defendants shall move or otherwise respond to the consolidated complaint no later than twenty-one days thereafter; and (iii) Mr. Glyn Hotz shall file his response no later than twenty-one days after Defendants file their response.

IT IS SO ORDERED, this 24th day of March, 2015.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)